Ryan M. Sandrock (SBN 251871)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone:    (415) 772-1200
Facsimile:    (415) 772-7400

Mark B. Blocker
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036

Attorneys For Defendant
Citigroup 401(k) Plan

**Conformed Copy**

**E-filing**

ORIGINAL FILED

JUN 1 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ANJELA RUSH-JACKSON

    Plaintiff,

    v.

CITIGROUP (401) (K), and DOES 1-10
    Defendant.

Case No.

CV 08 2931 SI

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) (FEDERAL
QUESTION)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant Citigroup 401(k) Plan (the "Plan" or "Defendant"), incorrectly named as Citigroup (401(K)) hereby removes to this Court the above-captioned case, originally filed in the Superior Court of California in and for the City and County of Alameda, on federal question grounds pursuant to 28 U.S.C. §§ 1331, and 1441(b).

    As explained in detail below, this Court has original jurisdiction under 28 U.S.C. § 1331 in this case because Plaintiff Anjela Rush-Jackson ("Plaintiff") brings claims to recover benefits under the terms of a pension plan, and thus her claims are completely preempted by the Employee Retirement Income Security Act ("ERISA").

SF1 1472250v.1

1          In support of removal, Citigroup states as follows:

2          1.      This action was originally filed on April 22, 2008 in the Superior Court of the State of

3      California, County of Alameda, captioned as *Anjela Rush-Jackson v. CitiGroup 401(K),* Case No.

4      08383198.

5          2.      Plaintiff served an employee at a Citibank branch in Hayward (not someone affiliated

6      with the Plan) with a copy of the Complaint on May 13, 2008.  Without waiving any claims

7      regarding such service, this Notice of Removal is timely, having been filed within thirty (30) days of

8      the date the complaint was purportedly served.  *See* 28 U.S.C. § 1446(b).

9          3.      True and correct copies of the Complaint, Summons, Proof of Service of Summons,

10     Notice of Case Management Conference and Order, and Notice of Judicial Assignment For All

11     Purposes, served on Defendant are attached hereto as Exhibit A.  A true and correct copy of the

12     Answer (consisting of a general denial) filed by the Plan is attached hereto as Exhibit B.

13         4.      A true and correct copy of this Notice of Removal is being filed concurrently with the

14     Superior Court of California, County of Alameda and served on all parties of record pursuant to 28

15     U.S.C. § 1446(d).

16                                    **THE COMPLAINT**

17

18         5.      Plaintiff is a resident of the State of California and the daughter of Louis A. Rush,

19     now deceased.  (Complaint, ¶ 1).

20         6.      Prior to her death, Lois A. Rush participated in the Plan.  (Complaint, ¶ 7).

21         7.      Plaintiff alleges that the value of Ms. Rush's Plan holdings at the time of her death

22     was in excess of $60,000.00. (Complaint, ¶ 7).

23         8.      Plaintiff admits that the Plan has attempted to distribute the holdings to Ms. Rush's

24     Estate, for which Plaintiff is the Executor,, but erroneously claims that the Plan should make the

25     check out to her rather than the Estate of the decedent.  (Complaint, ¶¶ 10, 13, Exhibit B).

26         9.      Plaintiff requested that the Plan issue her a check made payable to her rather than the

27     Estate.  (Complaint, ¶ 10).

28         11.     Although the Plan has offered to issue a check payable to the decedent's estate,

                                        2

1  Plaintiff claims that the Plan has somehow acted improperly by not issuing a check made payable to

2  "Anjela Rush" rather than to the decedent's estate. (Complaint, Exhibit B).

3       12.     On May 13, 2008, Plaintiff filed a complaint in the Superior Court of California,

4  County of Alameda, seeking payment of the full value of the Account. The Complaint purports to

5  assert causes of action for: (a) Breach of Statutory Duty; (b) Conversion; and (c) Breach of Fiduciary

6  Duty.

## FEDERAL QUESTION JURISDICTION

13.     Title 28 U.S.C. § 1441(b) provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or
> laws of the United States shall be removable without regard to the
> citizenship or residence of the parties.

14.     State court actions that are preempted by ERISA and fall within the scope of

§ 502(a)(1)(B) of ERISA are removable to a federal court under 28 U.S.C. § 1441. *Metropolitan*

*Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).

15.     Section 502(a)(1)(B) provides a civil enforcement mechanism for a participant or

beneficiary "to recover benefits due ..., to enforce his rights under ..., or to clarify his rights to

future benefits" under the terms of an ERISA plan. 29 U.S.C. § 1132(a)(1)(B). This section

"provides an exclusive federal cause of action" for a resolution of "a suit by a beneficiary to recover

benefits from a covered plan." *Metropolitan Life*, 481 U.S. at 62-63.

16.     Employee benefit plans are covered by ERISA when five prerequisites are met: (1) a

plan, fund, or program; (2) is established or maintained; (3) by an employer, employee organization,

or both; (4) for the purpose of providing certain specified benefits, such as life insurance or pension

funds; (5) to participants or beneficiaries. *See* 29 U.S.C. §§ 1002(1) & 1002(2)(A). Here, the Plan

meets all prerequisites and is subject to ERISA.

17.     Plaintiff, through her Complaint, seeks to have the Plan pay the full value of the

Account directly to her. Plaintiff therefore is seeking to recover benefits due under an ERISA plan.

3

SFI 1472250v.18FI-1|22250v.1

1  As such, her claims are fully preempted under Section 501(a)(1)(B) and removable pursuant to 28

2  U.S.C. § 1441. *See, e.g., Kystad v. Unum Life Ins.*, No. 07-12365, 2007 WL 4180725, *2 (E.D.

3  Mich. Nov. 26, 2007) (finding claim that plan administrator had wrongfully failed to make payment

4  of benefits under an ERISA plan to be fully preempted and removable).

6                    *        *        *        *        *

7         18.    WHEREFORE, the plan notices the removal of this case to the United States District

8  Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331 & 1441, et seq.

10 Dated:  June 12, 2008                    SIDLEY AUSTIN LLP

12                                          By: _____

13                                              Attorneys For Defendant Citigroup 401(k)
                                                Plan
14

NOTICE OF REMOVAL

SF1 1422250v 1/SF1 1422250v 1

# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
CitiGroup 401(K), an unknown entity, and
DOES 1 through 10

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 2 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
ANJELA RUSH-JACKSON,
an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 FALLON STREET

OAKLAND, CA 94612

CASE NUMBER
*(Número del Caso)* 08383198

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WILLIAM H. BACHRACH (#038737)     WILLIAM H. BACHRACH, A P.C.
1939 Harrison Street, Suite 612     Oakland, CA 94612    (File #2981)
(510) 465-1986

DATE: APR 2 2 2008     Clerk, by Tasha Perry , Deputy
*Fecha)*     Pat S. Sweeten     *(Secretario)*    *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| WILLIAM H. BACHRACH    (Bar # 038737)<br>A PROFESSIONAL CORPORATION<br>1939 HARRISON STREET, SUITE 612, OAKLAND, CA 94612<br>TELEPHONE NO.: (510) 465-1906    FAX NO. *(Optional):* (510) 465-1932<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* ANJELA RUSH-JACKSON, PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

| PLAINTIFF/PETITIONER: ANJELA RUSH-JACKSON, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITIGROUP 401(K), et al. | RG08-383198 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* NOTICE OF CASE MANAGEMENT AND ORDER, NOTICE OF JUDICIAL ASSIGNMENT FOR ALL PURPOSES AND CASE MANAGEMENT STATEMENT FORM

3. a. Party served *(specify name of party as shown on documents served):*
      CITIGROUP 401(K), AN UNKNOWN ENTITY

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      MARK DELIRAMICH, FINANCIAL MANAGER

4. Address where the party was served: 22548 2ND STREET, HAYWARD, CA 94541

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 5/13/2008    (2) at *(time):* 04:00PM
   b. [ ] by substituted service. On *(date):*         at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: ANJELA RUSH-JACKSON, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITIGROUP 401(K), et al. | RG08-383198 |

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1)  on *(date):*               (2)  from *(city):*

     (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4) ☐   to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** *(specify means of service and authorizing code section):*

     ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒   as an individual defendant.
   b. ☐   as the person sued under the fictitious name of *(specify):*
   c. ☐   as occupant.
   d. ☐   On behalf of *(specify):*
     under the following Code of Civil Procedure section:

     ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other:

7.   **Person who served papers**
   a.  Name:  REVENUE GROUP MANAGEMENT
   b.  Address:  22568 MISSION BLVD., SUITE 426, HAYWARD, CA 94541
   c.  Telephone number:  (510) 247-1748
   d.  The fee for service was: $ 40.00
   e.  I am:

     (1) ☐   not a registered California process server.
     (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
     (3) ☒   a registered California process server:
        (i)  ☒ owner   ☐ employee   ☐ independent contractor.
        (ii)  Registration No.:  765
        (iii)  County:  Alameda

8.   ☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.   ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: May 13, 2008

RODNEY LANESSE               ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

William H Bachrach, APC
Attn: Bachrach, William H
1939 Harrison Street
Suite 612
Oakland, CA   94612

## Superior Court of California, County of Alameda

| Rush-Jackson | No. RG08383198 |
|---|---|
| Plaintiff/Petitioner(s) | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| CitiGroup 401 (K) | Unlimited Jurisdiction |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 09/04/2008 | Department: 16 | Judge: Lawrence John Appel |
|---|---|---|
| Time: 09:00 AM | Location: Administration Building | Clerk: Ana Liza Tumonong |
| | Third Floor | Clerk telephone: (510) 267-6932 |
| | 1221 Oak Street, Oakland CA 94612 | E-mail: |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1504** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

   *Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/24/2008.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08383198
Case Title:    Rush-Jackson VS CitiGroup 401 (K)
Date of Filing: 04/22/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

|  |  |
|---|---|
| **Judge:** | **Lawrence John Appel** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
|  | **1221 Oak Street** |
|  | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | **(510) 267-1504** |
| **Email Address:** | |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

### Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard: Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:        (510) 267-6932

  Fax (510) 272-6171

- Ex Parte Matters
  Phone:        (510)  267-6932

  Fax (510) 272-6171

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated:  04/23/2008                          Executive Officer / Clerk of the Superior Court

                                    By  _____
                                                    digital
                                                        Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

    Executed on 04/24/2008

                                    By  _____
                                                    digital
                                                        Deputy Clerk

**citi**

# Citibank

**Mark Dellramich**
Financial Center Manager

Citibank, N.A.
Hayward # 014
22548 Second St.
Hayward, CA 94541
T 510-537-4635
F 510-538-0560
24 Hr. Client Service 800-756-7047

SBHU Life Agency, Inc.
Insurance Sales & Services

CA Lic. # 0536761

1  WILLIAM H. BACHRACH    SBN 038737
   SIVAN BUTLER –ROTHOLZ   SBN 248126
2  A Professional Corporation
   1939 Harrison Street, Suite 612
3  Oakland, CA  94612
   Telephone:  (510) 465-1906
4  FAX:  (510) 465-1932

5  File No. 2981

6  Attorney for Anjela Rush-Jackson

7

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 2 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF ALAMEDA

10 ANJELA RUSH-JACKSON, an individual,    )    Case No. 08383198
                                          )
11         Plaintiff,                      )    COMPLAINT FOR:
                                          )
12    vs.                                  )
                                          )    **1. BREACH OF STATUTORY**
13                                         )    **OBLIGATION (PROBATE CODE**
                                          )    **SECTION 1300 ET SEQ.)**
14 CitiGroup 401(K), an unknown entity, and )   **2. CONVERSION**
   DOES 1 through 10,                      )    **3. BREACH OF FIDUCIARY DUTY**
15                                         )
           Defendants.                     )
16                                         )
                                          )
17 ─────────────────────────────────────

18        Plaintiff alleges as follows:

19

20              **FIRST CAUSE OF ACTION**

21            **(BREACH OF STATUTORY DUTY)**

22

23    1.  Plaintiff is an individual who at all times herein mentioned was a resident of the City

24 of Hayward, State of California.

25

26    2.  Lois A. Rush was at all times herein mentioned an individual who died on February

27 18, 2006 and at all times alleged was a resident of Alameda County.

28

                              -1-

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

3.   Defendant CitiGroup 401(K) Plan (CitiGroup) is an unknown entity of plaintiff who prays leave to amend this Company when the nature of the entity is known.

4.   Defendant CitiCorp is authorized to do and doing business in the State of Califonia.

5.   The two names of the capacities, individual, corporate, associate, or otherwise are the defendants named herein as DOES 1 through 10 are unknown to plaintiff, who therefore sues defendants by fictitious names and plaintiff will amend this Complaint to show their true names and capacities when the same have be ascertained.

6.   Plaintiff is informed to believe and all such information belief alleges that at all times herein mentioned each defendant was the agent and employee of each other defendant and in doing the things hereafter mentioned, or failing to do the things herein mentioned, was acting in the scope of his authority of such agent employee and with the consent and permission of each other defendant.

7.   LOIS A. RUSH maintained, prior to her death, a 401(K) Plan with CitiGroup, held by the State Street Service retirement services as custodian and the amount in the CitiCorp 401(K) Plain at the date of her death was in excess of Sixty Thousand Dollars ($60,000.00). A copy of an account statement is attached hereto as EXHIBIT A and made a part hereof as though fully set forth herein.

8.   California Probate Code Section 13100 et. seq is designed to allow persons entitled to distribution from the estates of decedents where the estate is not large.   To receive such benefits or assets through a Declaration process and without the costs and time consuming day of an actual Probate.

9.   CitiGroup 401(K) Plan is well aware or such provisions and its benefits to the

-2-

1   beneficiaries of decedents estate.

2

3       10. CitiGroup was reminded of those Code Provision and requirement for distribution by

4   the letter sent by Plaintiff on January 2, 2008 (EXHIBIT B) and by the letter of March 18, 2008

5   by William H. Bachrach which specifically enclosed all of the relevant portions of Section 13100

6   et. seq of the California Probate Code. EXHIBIT C.

7

8       11. Plaintiff prepared and sent CitiCorp services a Declaration required under Section

9   13101 of the California Probate Code on or about January 2, 2008.  A copy of that cover letter

10  and Affidavit are attached hereto as Exhibits B & Exhibits D respectively.

11

12      12. Also attached was the Death Certificate of Lois A. Rush, a copy of which is attached

13  hereto as Exhibit E.

14

15      13. CitiGroup 401(K) Plan did not honor the declaration of Anjela Rush-Jackson but

16  instead insisted in and continues to insist that the check be made out to the estate of Lois A. Rush

17  even though no estate is pending nor will any estate be pending.

18

19      14. In February 2008, Plaintiff retained William H. Bachrach, A professional corporation,

20  to assist in the obtaining of the funds in the estate of Lois A. Rush held by the CitiGroup 401(K)

21  Plan.

22

23      15. On March 18, 2008, William H. Bachrach, a professional corporation sent a letter to

24  CitiGroup plan against requesting the transfer of process to Anjela Rush pursuant to the

25  Declaration she had to previously signed under Section 131 of the California Probate Code.  A

26  copy of that letter is attached hereto as EXHIBIT C.

27

28      16. CitiGroup 401(K) plan has refused and continues to make payment to ANJELA

-3-

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

1   RUSH-JACKSON.

2

3       17. Pursuant to California Probate Code Section 13105, plaintiff is entitled to attorney's

4   fees in enforcing her rights under Section 13100 et seq of the Probate Code and request

5   attorney's fees in amount no less than Seven Thousand Five Hundred Dollars $7,500.00 and an

6   amount to be proved at the trial of this matter.

7

8       18. CitiGroup 401(K) Plan is well aware of the Probate Laws of the various states as it

9   deals with owners of 401(K) Plans in all states and has excellent legal representation to assist it

10  in following the laws of each state regarding probate or non-probate of decedents assets.

11

12      19. The actions of CitiGroup 401(K) Plan were acts of oppression, fraud, and malice. As

13  these terms are used in <u>Section 3294 of the Civil Code of California</u>. In addition to recovery of

14  Lois A. Rush 401(K) proceeds, plaintiff is entitled to damages for the sake of example and by

15  way of punishing defendant CitiGroup 401(K) Plan if proven by clear and convincing evidence.

16

17      WHEREFORE plaintiff prays for judgment as hereinafter set forth.

18

19                          **SECOND CAUSE OF ACTION**

20                              **(CONVERSION)**

21      1.  Plaintiff re-alleges and cooperates by reference as though fully set-forth herein the

22  allegations of paragraphs 1-19.

23

24      2.  The holding by CitiGroup 401(K) of proceeds belonging to ANJELA RUSH-

25  JACKSON is a conversion of those funds according to California Law.

26

27      3.  The actions of CitiGroup 401(K) Plan in holding those assets and refusing to turn

28  them over to ANJELA RUSH-JACKSON were acts of oppression, fraud, and malice, as

                                    -4-

1    those terms are used in Section 3294 of the Civil Code of California and plaintiff is entitled

2    to recover damages for the sake of example by way of punishing defendant CitiGropu 401(K)

3    Plan if proven by clear and convincing evidence.

4

5    WHEREFORE plaintiff prays for judgment as hereinafter set forth:

6

7    ### THIRD CAUSE OF ACTION

8    ### (BREACH OF FIDUCIARY DUTY)

9

10    1.    Plaintiff re-alleges and cooperates by reference as though fully set forth herein the

11    allegations of paragraphs 1-19.

12

13    2.    Defendant Citi-Group had a fiduciary duty to both LOIS RUSH and any

14    beneficiary of the 401(K) Plan held by Citi-Group for the benefit of LOIS A. RUSH.

15

16    3.    Defendant Citi-Group breached that fiduciary duty by failing to turn over the

17    assets of the 401(K) Plan of LOIS RUSH to plaintiff although plaintiff had complied with all

18    the requirements necessary under Section 13100 et seq of the California Probate Code to

19    obtain such proceeds.

20

21    Wherefore plaintiff prays for judgment as hereinafter set forth:

22

23    A.    Defendant CitiGroup 401(K) Plan distributes to her as an individual and not in

24    any representative capacity, the proceeds of the 401(K) benefits of Lois A. Rush.

25    B.    For attorney's fees according to proof.

26    C.    For punitive damages in an amount to be fixed by the court.

27    D.    For costs of suit.

28    E.    For such other and further relief as the court deem necessary and appropriate.

-5-

1

2    Dated: _____7/21/08_____

3                              WILLIAM H. BACHRACH
                             A Professional Corporation
4

5                   By: _____

6                         WILLIAM H. BACHRACH
                        Attorney for Defendant Sara Mac Dwyer
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

## VERIFICATION

I, Anjela Rush-Jackson, declare that:

I am the Plaintiff in the above-entitled action.   I have read the foregoing COMPLAINT FOR COMPELLED DISTRIBUTION PURSUANT TO SECTION 13100 ET SEQ OF THE CALIFORNIA PROBATE CODE and know the contents thereof, which are true to my own knowledge, except for those matters stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____4/7/08_____         _Anjela Rush-Jackson_
                                ANJELA RUSH-JACKSON

# citigroup

Travelers Group 401(k) Savings Plan

LOUISA A. RUSH
8575 ENCINITAS WAY
SAN DIEGO, CA 92114-7424

Aco    Statement
10/01/2000 – 12/31/2000
Page 1 of 4

SSN: 096362802

Effective January 1, 2001, the objective of the Stable Value Fund will be to preserve investment principal and provide a stable rate of return in excess of a money market fund over a full investment cycle. The fund will no longer offer a guaranteed rate. The fund name will remain the same and the change will be transparent to your account. For Stable Value restrictions, please reference the December 2000 401(k) Forecast.

Effective January 22, 2001, Invesco will become the new Investment Manager for the S&P 500 Index Fund.

## Account Summary

### Market Value of Account by Type of Contribution

| Contribution Types | Vested Balance ($) | Nonvested Balance ($) | Total ($) |
|---|---|---|---|
| Employee Pre-Tax | 20,926.91 | 0.00 | 20,926.91 |
| Employee After-Tax | 22,569.74 | 0.00 | 22,569.74 |
| Employer | 17,001.54 | 0.00 | 17,001.54 |
| Rollover | 0.00 | 0.00 | 0.00 |
| **Total** | **60,498.19** | **0.00** | **60,498.19** |

Note: For information regarding what will be taxable upon withdrawal or distribution, please contact the Travelers Group 401(k) Savings Plan Service Center.

## Stock Funds Summary

| Stock Fund | Market Value ($) | Closing Price Per Share | Equivalent Shares |
|---|---|---|---|
| Citigroup Common Stock | 43,278.23 | 51.0625 | 847.554 |

## Contribution Information

| | |
|---|---|
| Pre-Tax Contribution Rate | 0% |
| Year-to-Date Pre-Tax Contributions | 0.00 |
| Year-to-Date 5% Discount | 0.00 |

EXHIBIT A

# citigroup
Travelers Group 401(k) Savings Plan

Acco...  Statement
10/01/200... - 12/31/2000
Page 2 of 4

SSN: 09636280?

## Account Activity This Period

| Fund | Investment Direction (%) | Opening Balance ($) | Employee Contributions ($) | Employer Contributions ($) | Loan Takes ($) | Loan Repayments ($) | Fund Transfers ($) | Withdrawals/Forfeitures ($) | Net Gain Or Loss ($) | Closing Balance ($) | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Citigroup Common Stock | 50 | 45,684.73 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -2,406.50 | 43,278.23 | 72 |
| State Street S&P 500 Index | 25 | 10,972.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -856.87 | 10,115.83 | 16 |
| State Street Russell 2000 Index | 25 | 7,623.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -518.94 | 7,104.13 | 12 |
| Totals | 100 | 64,280.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -3,782.31 | 60,498.19 | 100 |

## Loans Outstanding

| Original Amount ($) | Repayment Amount ($) | Payment Frequency | Principal Repaid ($) | Principal Remaining ($) | Interest Repaid ($) |
|---|---|---|---|---|---|

NONE

6195151159                          T-312   P.002/005   F-415

944 Fletcher Lane
Apt. # 8
Hayward, CA 94544
January 2, 2008

Plan Administration Department
Citigroup 401(k) Plan Administration
One Heritage Drive
North Quincy, MA 02171

     I am the daughter and sole successor of the late Louisa A. Rush ("decedent") as defined in California Probate Code Section 13006. Ms. Rush was a former employee of Citigroup.

     No probate proceeding is currently pending or has taken place for the estate of Louisa A. Rush in California as all the assets of Ms. Rush passed to me through a living trust.

     Enclosed please find the original of a notarized Affidavit Under California Probate Code Section 13101.

     Enclosed also is a certified copy of the death certificate of Louisa A. Rush.

     Enclosed also is check number 005195172 in the amount of $61,182.97, previously issued in the name of the name of the "Estate of Louisa A. Rush, Anjela Rush, Executor".

     Pursuant to the notarized Affidavit and California Probate Code section 13100, et. seq., I hereby request that the 401K proceeds of Ms. Rush be transferred directly to me. Please re-issue another check in the amount of $61,182.97 payable to Anjela Rush-Jackson.

     Should you refuse to honor the enclosed affidavit, I will file a legal action against Citigroup to compel transfer of the 401k proceeds directly to me, and seek attorney's fees pursuant to the California Probate Code.

     Should you have further questions, I have authorized my attorney Daniel A. Ikeri, Esq., to discuss the matter on my behalf. Mr. Ikeri can be contacted at (619) 992-0705.

Sincerely,

Anjela Rush-Jackson

Cc: Daniel A. Ikeri, Esq./Via Mail

EXHIBIT B

SMALL ESTATES COLLECTION OR TRANSFER   § 13101

*§ 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 35.)*

### § 13052. Date of valuation

In making an appraisal for the purposes of this part, the probate referee shall use the date of the decedent's death as the date of valuation of the property. *(Stats. 1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

### § 13053. Application of part

(a) Except as provided in subdivision (b), this part applies whether the decedent died before, on, or after July 1, 1987.

(b) This part does not apply and the law in effect at the time of payment, delivery, or transfer shall apply if the payment, delivery, or transfer was made prior to July 1, 1987, pursuant to former Probate Code Sections 630 to 632, inclusive, repealed by Chapter 783 of the Statutes of 1986. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

### § 13054. References to former provisions deemed references to comparable provisions of Chapter 3

A reference in any statute of this state or in a written instrument, including a will or trust, to a provision of former Sections 630 to 632, inclusive, repealed by Chapter 783, Statutes of 1986, shall be deemed to be a reference to the comparable provisions of Chapter 3 (commencing with Section 13100). *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

### CHAPTER 3. AFFIDAVIT PROCEDURE FOR COLLECTION OR TRANSFER OF PERSONAL PROPERTY

Section
13100.   Estates under $100,000; authorization to act without procuring letters of administration or awaiting probate.
13101.   Affidavit or declaration; contents; requirements; attachments.
13102.   Evidence of ownership.
13103.   Real property; inventory and appraisal.
13104.   Proof of identity.
13105.   Entitlement to property; transfer of ownership; refusal.
13106.   Discharge of liability; holder of decedent's property; taxes.
13106.5.   Transfer of obligation secured by lien on real property; recording affidavit or declaration; effect of transfer; deed of trust; reliance by trustee, purchaser.
13107.   Payment of money or delivery of property to successors of decedent.
13107.5.   Pending action against decedent; substitution of parties without probate.
13108.   Use of procedure; effect on later proceedings.
13109.   Liability for unsecured debts.
13110.   Liability to persons having superior rights; fraudulent transactions; limitations of actions.
13111.   Proceedings for administration, or personal representative's consent to disposition under this chapter and later request for restoration to estate; liability of persons who received property.
13112.   Exemption from liability; limitation on amount of liability.
13113.   Cumulative effect of remedies.
13114.   Payment of costs and fees; condition for paying money or delivery of property.
13115.   Possession, or transfer of real property; use of procedure not permitted.
13116.   Procedure provided in chapter as additional and supplemental to any other procedure.

**Application**

Application of Part 1, see Probate Code § 13053.

**Cross References**

Application of old and new law, see Probate Code § 3.
Nondomiciliary decedent, use of procedure provided by this chapter, see Probate Code § 12570 et seq.
Sale of tax-deeded property, claims for excess proceeds, heirs of deceased title-holder, see Revenue and Taxation Code § 4675.

### § 13100. Estates under $100,000; authorization to act without procuring letters of administration or awaiting probate

Excluding the property described in Section 13050, if the gross value of the decedent's real and personal property in this state, does not exceed one hundred thousand dollars ($100,000) and, if 40 days have elapsed since the death of the decedent, the successor of the decedent may, without procuring letters of administration or awaiting probate of the will, do any of the following with respect to one or more particular items of property:

(a) Collect any particular item of property that is money due the decedent.

(b) Receive any particular item of property that is tangible personal property of the decedent.

(c) Have any particular item of property that is evidence of a debt, obligation, interest, right, security, or chose in action belonging to the decedent transferred, whether or not secured by a lien on real property. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1996, c. 86 (A.B.2146), § 4; Stats.1996, c. 862 (A.B.2751), § 34.)*

**Cross References**

Nondomiciliary decedent's property, see Probate Code § 12570.

### § 13101. Affidavit or declaration; contents; requirements; attachments

(a) To collect money, receive tangible personal property, or have evidence of a debt, obligation, interest, right, security, or chose in action transferred under this chapter, an affidavit or a declaration under penalty of perjury under the laws of this state shall be furnished to

469

EXHIBIT C

§ 13101                 DISPOSITION OF ESTATE WITHOUT ADMINISTRATION

the holder of the decedent's property stating all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) "At least 40 days have elapsed since the death of the decedent, as shown in a certified copy of the decedent's death certificate attached to this affidavit or declaration."

(4) Either of the following, as appropriate:

(A) "No proceeding is now being or has been conducted in California for administration of the decedent's estate."

(B) "The decedent's personal representative has consented in writing to the payment, transfer, or delivery to the affiant or declarant of the property described in the affidavit or declaration."

(5) "The current gross fair market value of the decedent's real and personal property in California, excluding the property described in Section 13050 of the California Probate Code, does not exceed one hundred thousand dollars ($100,000)."

(6) A description of the property of the decedent that is to be paid, transferred, or delivered to the affiant or declarant.

(7) The name of the successor of the decedent (as defined in Section 13006 of the California Probate Code) to the described property.

(8) Either of the following, as appropriate:

(A) "The affiant or declarant is the successor of the decedent (as defined in Section 13006 of the California Probate Code) to the decedent's interest in the described property."

(B) "The affiant or declarant is authorized under Section 13051 of the California Probate Code to act on behalf of the successor of the decedent (as defined in Section 13006 of the California Probate Code) with respect to the decedent's interest in the described property."

(9) "No other person has a superior right to the interest of the decedent in the described property."

(10) "The affiant or declarant requests that the described property be paid, delivered, or transferred to the affiant or declarant."

(11) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate, to reflect that fact.

(c) If the particular item of property to be transferred under this chapter is a debt or other obligation secured by a lien on real property and the instrument creating the lien has been recorded in the office of the county

470

recorder of the county where the real property is located, the affidavit or declaration shall satisfy the requirements both of this section and of Section 13106.5.

(d) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

(e) If the decedent's personal representative has consented to the payment, transfer, or delivery of the described property to the affiant or declarant, a copy of the consent and of the personal representative's letters shall be attached to the affidavit or declaration. *(Stats. 1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 36; Stats. 1996, c. 86 (A.B.2146), § 5; Stats.1996, c. 862 (A.B.2751), § 35.)*

Cross References

Affidavits, use of, see Code of Civil Procedure §§ 2003, 2009 et seq.

§ 13102.  Evidence of ownership

(a) If the decedent had evidence of ownership of the property described in the affidavit or declaration and the holder of the property would have had the right to require presentation of the evidence of ownership before the duty of the holder to pay, deliver, or transfer the property to the decedent would have arisen, the evidence of ownership, if available, shall be presented with the affidavit or declaration to the holder of the decedent's property.

(b) If the evidence of ownership is not presented to the holder pursuant to subdivision (a), the holder may require, as a condition for the payment, delivery, or transfer of the property, that the person presenting the affidavit or declaration provide the holder with a bond or undertaking in a reasonable amount determined by the holder to be sufficient to indemnify the holder against all liability, claims, demands, loss, damages, costs, and expenses that the holder may incur or suffer by reason of the payment, delivery, or transfer of the property. Nothing in this subdivision precludes the holder and the person presenting the affidavit or declaration from dispensing with the requirement that a bond or undertaking be provided and instead entering into an agreement satisfactory to the holder concerning the duty of the person presenting the affidavit or declaration to indemnify the holder. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

§ 13103.  "Real property; inventory and appraisal

If the estate of the decedent includes any real property in this state, the affidavit or declaration shall be accompanied by an inventory and appraisal of the real property. The inventory and appraisal of the real property shall be made as provided in Part 3 (commencing with Section 8800) of Division 7. The appraisal shall be made by a probate referee selected by the affiant or declarant from those probate referees appointed by the Controller under Section 400 to appraise property in the county where the

SMALL ESTATES COLLECTION OR TRANSFER    § 13106

real property is located. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

**§ 13104. Proof of identity**

(a) Reasonable proof of the identity of each person executing the affidavit or declaration shall be provided to the holder of the decedent's property.

(b) Reasonable proof of identity is provided for the purposes of this section if both of the following requirements are satisfied:

(1) The person executing the affidavit or declaration is personally known to the holder.

(2) The person executes the affidavit or declaration in the presence of the holder.

(c) If the affidavit or declaration is executed in the presence of the holder, a written statement under penalty of perjury by a person personally known to the holder affirming the identity of the person executing the affidavit or declaration, is reasonable proof of identity for the purposes of this section.

(d) If the affidavit or declaration is executed in the presence of the holder, the holder may reasonably rely on any of the following as reasonable proof of identity for the purposes of this section:

(1) An identification card or driver's license issued by the Department of Motor Vehicles of this state that is current or was issued during the preceding five years.

(2) A passport issued by the Department of State of the United States that is current or was issued during the preceding five years.

(3) Any of the following documents if the document is current or was issued during the preceding five years and contains a photograph and description of the person named on it, is signed by the person, and bears a serial or other identifying number:

(A) A passport issued by a foreign government that has been stamped by the United States Immigration and Naturalization Service.

(B) A driver's license issued by a state other than California.

(C) An identification card issued by a state other than California.

(D) An identification card issued by any branch of the armed forces of the United States.

(e) For the purposes of this section, a notary public's certificate of acknowledgment identifying the person executing the affidavit or declaration is reasonable proof of identity of the person executing the affidavit or declaration.

(f) Unless the affidavit or declaration contains a notary public's certificate of acknowledgment of the identity of the person, the holder shall note on the affidavit or declaration either that the person executing the affidavit or declaration is personally known or a description of the identification provided by the person executing the affida-

vit or declaration. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

**§ 13105. Entitlement to property; transfer of ownership; refusal**

(a) If the requirements of Sections 13100 to 13104, inclusive, are satisfied:

(1) The person or persons executing the affidavit or declaration as successor of the decedent are entitled to have the property described in the affidavit or declaration paid, delivered, or transferred to them.

(2) A transfer agent of a security described in the affidavit or declaration shall change the registered ownership on the books of the corporation from the decedent to the person or persons executing the affidavit or declaration as successor of the decedent.

(b) If the holder of the decedent's property refuses to pay, deliver, or transfer any personal property or evidence thereof to the successor of the decedent within a reasonable time, the successor may recover the property or compel its payment, delivery, or transfer in an action brought for that purpose against the holder of the property. If an action is brought against the holder under this section, the court shall award reasonable attorney's fees to the person or persons bringing the action if the court finds that the holder of the decedent's property acted unreasonably in refusing to pay, deliver, or transfer the property to them as required by subdivision (a). *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

**Cross References**

Nondomiciliary decedent's property, sister state personal representative's action against holder of property, see Probate Code § 12572.

**§ 13106. Discharge of liability; holder of decedent's property; taxes**

(a) If the requirements of Sections 13100 to 13104, inclusive, are satisfied, receipt by the holder of the decedent's property of the affidavit or declaration constitutes sufficient acquittance for the payment of money, delivery of property, or changing registered ownership of property pursuant to this chapter and discharges the holder from any further liability with respect to the money or property. The holder may rely in good faith on the statements in the affidavit or declaration and has no duty to inquire into the truth of any statement in the affidavit or declaration.

(b) If the requirements of Sections 13100 to 13104, inclusive, are satisfied, the holder of the decedent's property is not liable for any taxes due to this state by reason of paying money, delivering property, or changing registered ownership of property pursuant to this chapter. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

471

## § 13106.5    DISPOSITION OF ESTATE WITHOUT ADMINISTRATION

**§ 13106.5. Transfer of obligation secured by lien on real property; recording affidavit or declaration; effect of transfer; deed of trust; reliance by trustee, purchaser**

(a) If the particular item of property transferred under this chapter is a debt or other obligation secured by a lien on real property and the instrument creating the lien has been recorded in the office of the county recorder of the county where the real property is located, the affidavit or declaration described in Section 13101 shall be recorded in the office of the county recorder of that county and, in addition to the contents required by Section 13101, shall include both of the following:

(1) The recording reference of the instrument creating the lien.

(2) A notary public's certificate of acknowledgment identifying each person executing the affidavit or declaration.

(b) The transfer under this chapter of the debt or obligation secured by a lien on real property has the same effect as would be given to an assignment of the right to collect the debt or enforce the obligation. The recording of the affidavit or declaration under subdivision (a) shall be given the same effect as is given under Sections 2934 and 2935 of the Civil Code to recording an assignment of a mortgage and an assignment of the beneficial interest under a deed of trust.

(c) If a deed of trust upon the real property was given to secure the debt and the requirements of subdivision (a) and of Sections 13100 to 13103, inclusive, are satisfied:

(1) The trustee under the deed of trust may rely in good faith on the statements made in the affidavit or declaration and has no duty to inquire into the truth of any statement in the affidavit or declaration.

(2) A person acting in good faith and for a valuable consideration may rely upon a recorded reconveyance of the trustee under the deed of trust.

(d) If a mortgage upon the real property was given to secure the debt and the requirements of subdivision (a) and of Sections 13100 to 13103, inclusive, are satisfied, a person acting in good faith and for a valuable consideration may rely upon a recorded discharge of the mortgage executed by the person or persons executing the affidavit or declaration as successor of the decedent or, by their successors in interest. (Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)

**§ 13107. Payment of money or delivery of property to successors of decedent**

Where the money or property claimed in an affidavit or declaration presented under this chapter is that of a deceased heir or devisee of a deceased person whose estate is being administered in this state, the personal representative of the person whose estate is being administered shall present the affidavit or declaration to the court in which the estate is being administered. The court shall direct the personal representative to pay the

472

money or deliver the property to the person or persons identified by the affidavit or declaration as the successor of the decedent to the extent that the order for distribution determines that the deceased heir or devisee was entitled to the money or property under the will or the laws of succession. (Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)

Cross References

Affidavit, use of, see Code of Civil Procedure §§ 2003, 2009 et seq.
Succession, see Probate Code § 6400.

**§ 13107.5. Pending action against decedent; substitution of parties without probate**

Where the money or property claimed in an affidavit or declaration executed under this chapter is the subject of a pending action or proceeding in which the decedent was a party, the successor of the decedent shall, without procuring letters of administration or awaiting probate of the will, be substituted as a party in place of the decedent by making a motion under Article 3 (commencing with Section 377.30) of Chapter 4 of Title 2 of Part 2 of the Code of Civil Procedure. The successor of the decedent shall file the affidavit or declaration with the court when the motion is made. For the purpose of Article 3 (commencing with Section 377.30) of Chapter 4 of Title 2 of Part 2 of the Code of Civil Procedure, a successor of the decedent who complies with this chapter shall be considered as a successor in interest of the decedent. (Added by Stats.1991, c. 1055 (S.B.271), § 37. Amended by Stats.1992, c. 178 (S.B.1496), § 39.)

**§ 13108. Use of procedure; effect on later proceedings**

(a) The procedure provided by this chapter may be used only if one of the following requirements is satisfied:

(1) No proceeding for the administration of the decedent's estate is pending or has been conducted in this state.

(2) The decedent's personal representative consents in writing to the payment, transfer, or delivery of the property described in the affidavit or declaration pursuant to this chapter.

(b) Payment, delivery, or transfer of a decedent's property pursuant to this chapter does not preclude later proceedings for administration of the decedent's estate. (Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 38.)

**§ 13109. Liability for unsecured debts**

A person to whom payment, delivery, or transfer of the decedent's property is made under this chapter is personally liable, to the extent provided in Section 13112, for the unsecured debts of the decedent. Any such debt may be enforced against the person in the same manner as it could have been enforced against the decedent if the decedent had not died. In any action based upon the debt, the person may assert any defenses, cross-complaints, or setoffs that would have been available to the

SMALL ESTATES COLLECTION OR TRANSFER          § 13111

decedent if the decedent had not died. Nothing in this section permits enforcement of a claim that is barred under Part 4 (commencing with Section 9000) of Division 7. Section 366.2 of the Code of Civil Procedure applies in an action under this section. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1990, c. 140 (S.B.1855), § 15.1, operative July 1, 1991; Stats.1992, c. 178 (S.B.1496), § 40.)*

**Cross References**

Nondomiciliary decedent's property, liability of sister state personal representative under this section, see Probate Code § 12573.

Vessels transferred upon death of owner, application of this section, see Vehicle Code § 9916.

**§ 13110. Liability to persons having superior rights; fraudulent transactions; limitations of actions**

(a) Except as provided in subdivision (b), each person to whom payment, delivery, or transfer of the decedent's property is made under this chapter is personally liable to the extent provided in Section 13112 to any person having a superior right by testate or intestate succession from the decedent.

(b) In addition to any other liability the person has under this section and Sections 13109, 13111, and 13112, any person who fraudulently secures the payment, delivery, or transfer of the decedent's property under this chapter is liable to the person having such a superior right for three times the fair market value of the property. For the purposes of this subdivision, the "fair market value of the property" is the fair market value of the property paid, delivered, or transferred to the person liable under this subdivision, valued as of the time the person liable under this subdivision presents the affidavit or declaration under this chapter to the holder of the decedent's property, less any liens and encumbrances on that property at that time.

(c) An action to impose liability under this section is forever barred three years after the affidavit or declaration is presented under this chapter to the holder of the decedent's property, or three years after the discovery of the fraud, whichever is later. The three-year period specified in this subdivision is not tolled for any reason. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 39.)*

**Cross References**

Nondomiciliary decedent's property, liability of sister state personal representative under this section, see Probate Code § 12573.

Vessels transferred upon death of owner, application of this section, see Vehicle Code § 9916.

**§ 13111. Proceedings for administration, or personal representative's consent to disposition under this chapter and later request for restoration to estate; liability of persons who received property**

(a) Subject to the provisions of this section, if proceedings for the administration of the decedent's estate are

commenced in this state, or if the decedent's personal representative has consented to the payment, transfer, or delivery of the decedent's property under this chapter and the personal representative later requests that the property be restored to the estate, each person to whom payment, delivery, or transfer of the decedent's property is made under this chapter is liable for:

(1) The restitution of the property to the estate if the person still has the property, together with (A) the net income the person received from the property and (B) if the person encumbered the property after it was delivered or transferred to the person, the amount necessary to satisfy the balance of the encumbrance as of the date the property is restored to the estate.

(2) The restitution to the estate of the fair market value of the property if the person no longer has the property, together with (A) the net income the person received from the property and (B) interest on the fair market value of the property from the date of disposition at the rate payable on a money judgment. For the purposes of this subdivision, the "fair market value of the property" is the fair market value, determined as of the time of the disposition of the property, of the property paid, delivered, or transferred to the person under this chapter, less any liens and encumbrances on the property at that time.

(b) Subject to subdivision (c) and subject to any additional liability the person has under Sections 13109 to 13112, inclusive, if the person fraudulently secured the payment, delivery, or transfer of the decedent's property under this chapter, the person is liable under this section for restitution to the decedent's estate of three times the fair market value of the property. For the purposes of this subdivision, the "fair market value of the property" is the fair market value, determined as of the time the person liable under this subdivision presents the affidavit or declaration under this chapter, of the property paid, delivered, or transferred to the person under this chapter, less the amount of any liens and encumbrances on the property at that time.

(c) The property and amount required to be restored to the estate under this section shall be reduced by any property or amount paid by the person to satisfy a liability under Section 13109 or 13110.

(d) An action to enforce the liability under this section may be brought only by the personal representative of the estate of the decedent. In an action to enforce the liability under this section, the court's judgment may enforce the liability only to the extent necessary to protect the interests of the heirs, devisees, and creditors of the decedent.

(e) An action to enforce the liability under this section is forever barred three years after presentation of the affidavit or declaration under this chapter to the holder of the decedent's property, or three years after the discovery of the fraud, whichever is later. The three-year period specified in this subdivision is not tolled for any reason.

473

§ 13111                    DISPOSITION OF ESTATE WITHOUT ADMINISTRATION

(f) In the case of a nondomiciliary decedent, restitution under this section shall be made to the estate in an ancillary administration proceeding. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 40.)*

Cross References

Nondomiciliary decedent's property, sister state personal representative's restoration of property to estate in compliance with this section, see Probate Code § 12573.
Vessels transferred upon death of owner, application of this section, see Vehicle Code § 9916.

§ 13112. Exemption from liability; limitation on amount of liability

(a) A person to whom payment, delivery, or transfer of the decedent's property has been made under this chapter is not liable under Section 13109 or 13110 if proceedings for the administration of the decedent's estate are commenced in this state, and the person satisfies the requirements of Section 13111.

(b) Except as provided in subdivision (b) of Section 13110, the aggregate of the personal liability of a person under Sections 13109 and 13110 shall not exceed the fair market value, valued as of the time the affidavit or declaration is presented under this chapter, of the property paid, delivered, or transferred to the person under this chapter, less the amount of any liens and encumbrances on that property at that time, together with the net income the person received from the property and, if the property has been disposed of, interest on the fair market value of the property accruing from the date of disposition at the rate payable on a money judgment. For the purposes of this subdivision, "fair market value of the property" has the same meaning as defined in paragraph (2) of subdivision (a) of Section 13111. *(Stats. 1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

Cross References

Vessels transferred upon death of owner, application of this section, see Vehicle Code § 9916.

§ 13113. Cumulative effect of remedies

The remedies available under Sections 13109 to 13112, inclusive, are in addition to any remedies available by reason of any fraud or intentional wrongdoing. *(Stats. 1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

Cross References

Vessels transferred upon death of owner, application of this section, see Vehicle Code § 9916.

§ 13114. Payment of costs and fees; condition for paying money or delivery of property

(a) A public administrator who has taken possession or control of property of a decedent under Article 1 (commencing with Section 7600) of Chapter 4 of Part 1 of Division 7 may refuse to pay money or deliver property pursuant to this chapter if payment of the costs and fees described in Section 7604 has not first been made or
474

adequately assured to the satisfaction of the public administrator.

(b) A coroner who has property found upon the body of a decedent, or who has taken charge of property of the decedent pursuant to Section 27491.3 of the Government Code, may refuse to pay or deliver the property pursuant to this chapter if payment of the reasonable costs of holding or safeguarding the property has not first been made or adequately assured, to the satisfaction of the coroner. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

§ 13115. Possession or transfer of real property; use of procedure not permitted

The procedure provided in this chapter may not be used to obtain possession or the transfer of real property. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

§ 13116. Procedure provided in chapter as additional and supplemental to any other procedure

The procedure provided in this chapter is in addition to and supplemental to any other procedure for (1) collecting money due to a decedent, (2) receiving tangible personal property of a decedent, or (3) having evidence of ownership of property of a decedent transferred. Nothing in this chapter restricts or limits the release of tangible personal property of a decedent pursuant to any other provision of law. This section is declaratory of existing law. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

CHAPTER 4.   COURT ORDER DETERMINING SUCCESSION TO PROPERTY

Section
13150.  When procedure provided by chapter may be used.
13151.  Petition requesting court order; determination of succession.
13152.  Contents of petition; inventory and appraisal; copy of will.
13153.  Notice of hearing.
13154.  Court order for transfer of property; determinations.
13155.  Effect of order.
13156.  Liability for decedent's unsecured debts; limitation; defenses, cross complaints, or setoffs.
13157.  Attorneys' fees.
13158.  Compliance with affidavit procedure for personal property collection or transfer.

Application

Application of Part 1, see Probate Code § 13051.

Cross References

Application of old and new law, see Probate Code § 3.

§ 13150.  When procedure provided by chapter may be used

The procedure provided by this chapter may be used only if one of the following requirements is satisfied:

SMALL ESTATES COLLECTION OR TRANSFER                    § 13153

(a) No proceeding is being or has been conducted in this state for administration of the decedent's estate.

(b) The decedent's personal representative consents in writing to use of the procedure provided by this chapter to determine that real property of the decedent is property passing to the petitioners. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 42.)*

§ 13151.  Petition requesting court order; determination of succession

Exclusive of the property described in Section 13050, if a decedent dies leaving real property in this state and the gross value of the decedent's real and personal property in this state does not exceed one hundred thousand dollars ($100,000) and 40 days have elapsed since the death of the decedent, the successor of the decedent to an interest in a particular item of property that is real property, without procuring letters of administration or awaiting the probate of the will, may file a petition in the superior court of the county in which the estate of the decedent may be administered requesting a court order determining that the petitioner has succeeded to that real property. A petition under this chapter may include an additional request that the court make an order determining that the petitioner has succeeded to personal property described in the petition. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 43; Stats.1996, c. 86 (A.B.2146), § 6; Stats.1996, c. 862 (A.B.2751), § 36.)*

### Cross References

Fee for filing petition commencing or opposition papers concerning certain probate proceedings, see Government Code § 70655.

Filing fees, see Government Code § 26827.

§ 13152.  Contents of petition; inventory and appraisal; copy of will

(a) The petition shall be verified by each petitioner, shall contain a request that the court make an order under this chapter determining that the property described in the petition is property passing to the petitioner, and shall state all of the following:

(1) The facts necessary to determine that the petition is filed in the proper county.

(2) The gross value of the decedent's real and personal property in this state, excluding the property described in Section 13050, as shown by the inventory and appraisal attached to the petition, does not exceed one hundred thousand dollars ($100,000).

(3) A description of the particular item of real property in this state which the petitioner alleges is property of the decedent passing to the petitioner, and a description of the personal property which the petitioner alleges is property of the decedent passing to the petitioner if the requested order also is to include a determination that the described personal property is property passing to the petitioner.

(4) The facts upon which the petitioner bases the allegation that the described property is property passing to the petitioner.

(5) Either of the following, as appropriate:

(A) A statement that no proceeding is being or has been conducted in this state for administration of the decedent's estate.

(B) A statement that the decedent's personal representative has consented in writing to use of the procedure provided by this chapter.

(6) Whether estate proceedings for the decedent have been commenced in any other jurisdiction and, if so, where those proceedings are pending or were conducted.

(7) The name, age, address, and relation to the decedent of each heir and devisee of the decedent, the names and addresses of all persons named as executors of the will of the decedent, and, if the petitioner is the trustee of a trust that is a devisee under the will of the decedent, the names and addresses of all persons interested in the trust, as determined in cases of future interests pursuant to paragraph (1), (2), or (3) of subdivision (a) of Section 15804, so far as known to any petitioner.

(8) The name and address of each person serving as guardian or conservator of the estate of the decedent at the time of the decedent's death, so far as known to any petitioner.

(b) There shall be attached to the petition an inventory and appraisal in the form set forth in Section 8802 of the decedent's real and personal property in this state, excluding the property described in Section 13050. The appraisal shall be made by a probate referee selected by the petitioner from those probate referees appointed by the Controller under Section 400 to appraise property in the county where the real property is located. The appraisal shall be made as provided in Part 3 (commencing with Section 8800) of Division 7. The petitioner may appraise the assets which a personal representative could appraise under Section 8901.

(c) If the petitioner bases his or her claim to the described property upon the will of the decedent, a copy of the will shall be attached to the petition.

(d) If the decedent's personal representative has consented to use of the procedure provided by this chapter, a copy of the consent shall be attached to the petition. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 44; Stats.1996, c. 86 (A.B.2146), § 7; Stats.1996, c. 862 (A.B.2751), § 37.)*

§ 13153.  Notice of hearing

Notice of the hearing shall be given as provided in Section 1220 to each of the persons named in the petition pursuant to Section 13152. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

475

## § 13154    DISPOSITION OF ESTATE WITHOUT ADMINISTRATION

§ 13154.  Court order for transfer of property; determinations

(a) If the court makes the determinations required under subdivision (b), the court shall issue an order determining (1) that real property, to be described in the order, of the decedent is property passing to the petitioners and the specific property interest of each petitioner in the described property and (2) if the petition so requests, that personal property, to be described in the order, of the decedent is property passing to the petitioners and the specific property interest of each petitioner in the described property.

(b) The court may make an order under this section only if the court makes all of the following determinations:

(1) The gross value of the decedent's real and personal property in this state, excluding the property described in Section 13050, does not exceed one hundred thousand dollars ($100,000).

(2) Not less than 40 days have elapsed since the death of the decedent.

(3) Whichever of the following is appropriate:

(A) No proceeding is being or has been conducted in this state for administration of the decedent's estate.

(B) The decedent's personal representative has consented in writing to use of the procedure provided by this chapter.

(4) The property described in the order is property of the decedent passing to the petitioner.

(c) If the petition has attached an inventory and appraisal that satisfies the requirements of subdivision (b) of Section 13152, the determination required by paragraph (1) of subdivision (b) of this section shall be made on the basis of the verified petition and the attached inventory and appraisal, unless evidence is offered by a person opposing the petition that the gross value of the decedent's real and personal property in this state, excluding the property described in Section 13050, exceeds one hundred thousand dollars ($100,000). *(Stats. 1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 45; Stats. 1996, c. 86 (A.B.2146), § 8.)*

§ 13155.  Effect of order

Upon becoming final, an order under this chapter determining that property is property passing to the petitioner is conclusive on all persons, whether or not they are in being. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B.271), § 46.)*

§ 13156.  Liability for decedent's unsecured debts; limitation; defenses, cross complaints, or setoffs

(a) Subject to subdivisions (b), (c), and (d), the petitioner who receives the decedent's property pursuant to an order under this chapter is personally liable for the unsecured debts of the decedent.

476

(b) The personal liability of any petitioner shall not exceed the fair market value at the date of the decedent's death of the property received by that petitioner pursuant to an order under this chapter, less the amount of any liens and encumbrances on the property.

(c) In any action or proceeding based upon an unsecured debt of the decedent, the petitioner may assert any defense, cross-complaint, or setoff which would have been available to the decedent if the decedent had not died.

(d) Nothing in this section permits enforcement of a claim that is barred under Part 4 (commencing with Section 9000) of Division 7.

(e) Section 366.2 of the Code of Civil Procedure applies in an action under this section. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1990, c. 140 (S.B.1855), § 16.1, operative July 1, 1991; Stats.1992, c. 178 (S.B.1496), § 41.)*

§ 13157.  Attorneys' fees

The attorney's fees for services performed in connection with the filing of a petition and obtaining a court order under this chapter shall be determined by private agreement between the attorney and the client and are not subject to approval by the court. If there is no agreement between the attorney and the client concerning the attorney's fees for services performed in connection with the filing of a petition and obtaining of a court order under this chapter and there is a dispute concerning the reasonableness of the attorney's fees for those services, a petition may be filed with the court in the same proceeding requesting that the court determine the reasonableness of the attorney's fees for those services. If there is an agreement between the attorney and the client concerning the attorney's fees for services performed in connection with the filing of a petition and obtaining a court order under this chapter and there is a dispute concerning the meaning of the agreement, a petition may be filed with the court in the same proceeding requesting that the court determine the dispute. *(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)*

§ 13158.  Compliance with affidavit procedure for personal property collection or transfer

Nothing in this chapter excuses compliance with Chapter 3 (commencing with Section 13100) by the holder of the decedent's personal property if an affidavit or declaration is furnished as provided in that chapter. *(Added by Stats.1991, c. 1055 (S.B.271), § 47.)*

## CHAPTER 5.  AFFIDAVIT PROCEDURE FOR REAL PROPERTY OF SMALL VALUE

Section
13200.  Time for filing; contents of affidavit; service on guardian or conservator.
13201.  Fee.
13202.  Filing; certified copy; recording.

SMALL ESTATES COLLECTION OR TRANSFER                    § 13200

Section
13203.  Good faith purchaser; rights and protections; later proceedings.
13204.  Liability for decedent's unsecured debts.
13205.  Liability to person having superior right by testate or intestate succession; fraudulent transactions; limitations of actions.
13206.  Later proceedings, or on request of personal representative; liability of successors; limitations of actions.
13207.  Exemption from certain liability; limitation on liability.
13208.  Cumulative nature of remedies.
13209.  Repealed.
13210.  Procedure provided by this chapter; requirements for use.

Application

Application of Part 1, see Probate Code § 13053.

Cross References

Application of old and new law, see Probate Code § 3.

§ 13200.  Time for filing; contents of affidavit; service on guardian or conservator

(a) No sooner than six months from the death of a decedent, a person or persons claiming as successor of the decedent to a particular item of property that is real property may file in the superior court in the county in which the decedent was domiciled at the time of death, or if the decedent was not domiciled in this state at the time of death, then in any county in which real property of the decedent is located, an affidavit in the form prescribed by the Judicial Council pursuant to Section 1001 stating all of the following:

(1) The name of the decedent.

(2) The date and place of the decedent's death.

(3) A legal description of the real property and the interest of the decedent therein.

(4) The name and address of each person serving as guardian or conservator of the estate of the decedent at the time of the decedent's death, so far as known to the affiant.

(5) "The gross value of all real property in the decedent's estate located in California, as shown by the inventory and appraisal attached to this affidavit, excluding the real property described in Section 13050 of the California Probate Code, does not exceed twenty thousand dollars ($20,000)."

(6) "At least six months have elapsed since the death of the decedent as shown in a certified copy of decedent's death certificate attached to this affidavit."

(7) Either of the following, as appropriate:

(A) "No proceeding is now being or has been conducted in California for administration of the decedent's estate."

(B) "The decedent's personal representative has consented in writing to use of the procedure provided by this chapter."

(8) "Funeral expenses, expenses of last illness, and all unsecured debts of the decedent have been paid."

(9) "The affiant is the successor of the decedent (as defined in Section 13006 of the Probate Code) and to the decedent's interest in the described property, and no other person has a superior right to the interest of the decedent in the described property."

(10) "The affiant declares under penalty of perjury under the law of the State of California that the foregoing is true and correct."

(b) For each person executing the affidavit, the affidavit shall contain a notary public's certificate of acknowledgment identifying the person.

(c) There shall be attached to the affidavit an inventory and appraisal of the decedent's real property in this state, excluding the real property described in Section 13050. The inventory and appraisal of the real property shall be made as provided in Part 3 (commencing with Section 8800) of Division 7. The appraisal shall be made by a probate referee selected by the affiant from those probate referees appointed by the Controller under Section 400 to appraise property in the county where the real property is located.

(d) If the affiant claims under the decedent's will and no estate proceeding is pending or has been conducted in California, a copy of the will shall be attached to the affidavit.

(e) A certified copy of the decedent's death certificate shall be attached to the affidavit. If the decedent's personal representative has consented to the use of the procedure provided by this chapter, a copy of the consent and of the personal representative's letters shall be attached to the affidavit.

(f) The affiant shall mail a copy of the affidavit and attachments to any person identified in paragraph (4) of subdivision (a).  (Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1991, c. 1055 (S.B. 271), § 48; Stats.1996, c. 86 (A.B.2146), § 9.)

Cross References

Fees for miscellaneous services, see Government Code § 70626.
Final distribution of estate by court and conclusiveness of decree, see Probate Code § 11600 et seq.
Passage of title to decedent's property, see Probate Code § 7000.
Recordation,
    Admission of will to probate, clerk to record in minutes, see Probate Code § 8225.
    Borrowing money and mortgaging property, see Probate Code § 9804.
    Certified copy of order establishing fact of death, see Probate Code § 210.
    Claim against real property under spouse's will, see Probate Code § 13541.
    Effect of recording or the want thereof, see Civil Code § 1213 et seq.
    Execution of conveyance or assignment of contract to purchase real property, see Probate Code § 10314.

477

6195151159                    T-312   P.003/005   F-415

## AFFIDAVIT UNDER CALIFORNIA PROBATE CODE SECTION §13101

The undersigned state(s) as follows:

_Louisa A. Rush_ (name of decedent) died on

_February 18, 2006_ (date), in the County of _San Diego_, State of California and:

1. At least forty days have elapsed since the death of the decedent, as shown by the attached certified copy of decedent's death certificate.
2. Either of the following, as appropriate:
   A. No proceeding is now being or has been conducted in California for administration of the decedent's estate.
   B. The decedent's personal representative has consented in writing to the payment, transfer, or delivery to the affiant or declarant of the property described in the affidavit or declaration.
3. The current gross fair market value of the decedent's real and personal property in California, excluding the property described in the California Probate Code Section 13050, does not exceed $100,000.
4. ☐ An Inventory and Appraisement of the real property in the decedent's estate is attached, or
   ☑ There is no real property in the estate.
5. A description of the property that is to be paid, transferred or delivered to the undersigned under the provisions of California Probate Code Section 13100:

_Citigroup Employee 401K Contribution of Louisa A. Rush_

(Attach additional sheets if necessary.)

6. The successor(s) of the decedent, as defined in Probate Code Section 13006, is/are:

_Anjela Rush-Jackson_

7. ☑ The undersigned is/are successor(s) of the decedent to the decedent's interest in the described property, or
   ☐ The undersigned is/are authorized under California Probate Code Section 13051 to act on behalf of the successor(s) of the decedent with respect to the decedent's interest in the described property.
8. No other person has a superior right to the interest of the decedent in the described property.
9. The undersigned requests that the described property be paid, delivered or transferred to the undersigned.

I/we declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date _11/20/07_   Printed name _Anjela Rush-Jackson_   Signature _Anjela Rush-Jackson_

_11/20/07_   _Notary_

MEDHANIT I KASSA
Commission # 1493391
Notary Public - California
Alameda County
My Comm. Expires Jun 1, 2008

(Attach an additional sheet if necessary.)

1. Attach a certified copy of death certificate and if there is real property in the decedent's estate attach a completed Inventory and Appraisement (Probate Form DE-160, DE-161).
2. Have this affidavit notarized

015PR (Rev. 10/05)    AFFIDAVIT UNDER CALIFORNIA PROBATE CODE SECTION §13101

EXHIBIT D

CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO
## CERTIFICATE OF DEATH
STATE OF CALIFORNIA

3 200637 002933

| 1. NAME OF DECEDENT — FIRST (Given) LOUISA | 2. MIDDLE ALTHEA | 3. LAST (Family) RUSH | 6. SEX F |
|---|---|---|---|
| AKA, ALSO KNOWN AS | 4. DATE OF BIRTH | 5. AGE | |
| | 01/12/1945 | 61 | |
| 7. BIRTH STATE/FOREIGN COUNTRY NEW YORK - | 10. SOCIAL SECURITY NUMBER 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 | 11. EVER IN U.S. ARMED FORCES? YES [ ] NO [X] | 12. MARITAL STATUS DIVORCED | 7. DATE OF DEATH Fd 02/18/2006 | 8. HOUR 0352 |
| 13. EDUCATION SOME COLLEGE | 14/15. WAS DECEDENT HISPANIC/LATINO(A)? YES [ ] NO [X] | 16. DECEDENT'S RACE AFRICAN AMERICAN | |
| 17. USUAL OCCUPATION REGISTERED NURSE | 18. KIND OF BUSINESS OR INDUSTRY COMMUNITY HOSPITAL | 19. YEARS IN OCCUPATION 26 |

USUAL RESIDENCE

| 20. DECEDENT'S RESIDENCE 8575 ENCINITAS WAY | | | |
|---|---|---|---|
| 21. CITY SAN DIEGO | 22. COUNTY/PROVINCE SAN DIEGO | 23. ZIP CODE 92114 | 24. YEARS IN COUNTY 37 | 25. STATE/FOREIGN COUNTRY CALIFORNIA |
| 26. INFORMANT'S NAME, RELATIONSHIP ANJELA RUSH JACKSON - DAUGHTER | 27. INFORMANT'S MAILING ADDRESS 944 FLETCHER LANE #8 HAYWARD CA 94544 | | |

SPOUSE AND PARENT INFORMATION

| 28. NAME OF SURVIVING SPOUSE — FIRST | 29. MIDDLE | 30. LAST (Maiden) | |
|---|---|---|---|
| 31. NAME OF FATHER — FIRST EDWARD | 32. MIDDLE ALONZA | 33. LAST IZARD | 34. BIRTH STATE SC |
| 35. NAME OF MOTHER — FIRST MARTHA | 36. MIDDLE E. | 37. LAST (Maiden) ROSE | 38. BIRTH STATE ST. KITTS NEVIS |

FUNERAL DIRECTOR/LOCAL REGISTRAR

| 39. DISPOSITION DATE 03/01/2006 | 40. PLACE OF FINAL DISPOSITION GLEN ABBEY MEMORIAL PARK 3838 BONITA ROAD, BONITA CA 91902 | |
|---|---|---|
| 41. TYPE OF DISPOSITION(S) CR/BU | 42. SIGNATURE OF EMBALMER NOT EMBALMED | 43. LICENSE NUMBER |
| 44. NAME OF FUNERAL ESTABLISHMENT GLEN ABBEY MORTUARY | 45. LICENSE NUMBER FD1371 | 46. SIGNATURE OF LOCAL REGISTRAR Nancy L Bowen MD | 47. DATE 02/24/2006 |

PLACE OF DEATH

| 101. PLACE OF DEATH Found, Home | | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE [X] Decedent's Home |
|---|---|---|
| 104. COUNTY San Diego | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND 8575 Encinitas Way | 106. CITY San Diego |

CAUSE OF DEATH

| 107. CAUSE OF DEATH | | |
|---|---|---|
| IMMEDIATE CAUSE Hypertensive cardiovascular disease | | 111. BIOPSY PERFORMED? YES [ ] NO [X] |
| | | 06-00408 |
| | | 06-09408 |
| | | 112. AUTOPSY PERFORMED? YES [ ] NO [X] |
| | | 113. USED IN DETERMINING CAUSE? YES [ ] NO [X] |
| 110. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH Obesity | | |
| 114. WAS OPERATION PERFORMED No | 114A. IF YES YES [ ] NO [X] | |

PHYSICIAN'S CERTIFICATION

| 115. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 116. SIGNATURE AND TITLE OF CERTIFIER | 117. DATE | FOR LICENSE NUMBER |
|---|---|---|---|
| 118. TYPE NAME, TITLE ATTENDING PHYSICIAN'S MAILING ADDRESS, ZIP CODE | | | |

CORONER'S USE ONLY

| 119. I CERTIFY THAT MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | MANNER OF DEATH [X] Natural | 120. INJURED AT WORK? YES [ ] NO [ ] | 121. INJURY DATE | 122. HOUR |
|---|---|---|---|---|
| 123. PLACE OF INJURY | | 124. LOCATION OF INJURY | | |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE 02/21/2006 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER Steven C. Campman, M.D.  D.M.E. |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH # 2603637 | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

*A01512647*

County of San Diego - Department of Health Services - 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED:    February 27, 2006

Nancy L Bowen MD
NANCY L BOWEN, M.D.
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

Received Time Feb. 22. at 8:49AM

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

EXHIBIT E

# EXHIBIT B

1   Ryan M. Sandrock (SBN 251871)
    SIDLEY AUSTIN LLP
2   555 California Street
    San Francisco, California 94104
3   Telephone:    (415) 772-1200
    Facsimile:    (415) 772-7400
4
    Mark B. Blocker
5   SIDLEY AUSTIN LLP
    1 South Dearborn
6   Chicago, IL 60603
    Telephone:    (312) 853-7000
7   Facsimile:    (312) 853-7036

8   Attorneys For Defendant
    Citigroup 401(k) Plan
9                 SUPERIOR  COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF ALAMEDA

11  ANJELA RUSH-JACKSON                    )
                                           )   Case No. RG08383198
12           Plaintiff,                    )
                                           )
13                                         )
        v.                                 )   **ANSWER**
14                                         )
    CITIGROUP (401) (K), and DOES 1-10     )   Hon. Lawrence John Appel
15           Defendant.                    )
                                           )   Department 16
16                                         )
                                           )
17                                         )
                                           )
18  _____   )

19

20          Defendant Citigroup 401(k) Plan (the "Plan" or "Defendant"), incorrectly named as

21  Citigroup (401(K)), hereby responds to the allegations set forth in Plaintiff Anjela Rush-Jackson's

22  ("Plaintiff") Complaint (the "Complaint") as follows:

23                          **GENERAL DENIAL**

24          Pursuant to Section 431.30 of the Code of Civil Procedure of the State of California,

25  the Plan generally denies each, every, and all allegations of the Complaint and the whole thereof,

26  including each and every purported cause of action contained therein, and further denies any liability

27  whatsoever to Plaintiff.

28

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 2 2008

CLERK OF THE SUPERIOR COURT
By Alphonsine Oates, Deputy

:F1 1418810v.1

1

## AFFIRMATIVE DEFENSES

2    As a further and separate answer to the Complaint, and by way of affirmative

3  defenses, the Plan alleges as follows:

4

### FIRST AFFIRMATIVE DEFENSE

5

#### (Failure to State a Cause of Action)

6    The Complaint, and each and every cause of action therein, fails to state facts

7  sufficient to constitute a cause of action.

8

### SECOND AFFIRMATIVE DEFENSE

9

#### (Statute of Limitations)

10    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

11  limitation.

12

### THIRD AFFIRMATIVE DEFENSE

13

#### (Preemption)

14    Plaintiff's claims are preempted, in whole or in part, by federal law and regulation,

15  including the Employee Retirement Income Security Act, pursuant to the Supremacy Clause of the

16  United States Constitution. This Court therefore lacks jurisdiction over this matter.

17

### FOURTH AFFIRMATIVE DEFENSE

18

#### (Failure to Exhaust Administrative Remedies)

19    Plaintiff's claims are barred because Plaintiff has failed to exhaust her administrative

20  remedies.

21

### FIFTH AFFIRMATIVE DEFENSE

22

#### (Standing)

23    Plaintiff lacks standing to bring the claims alleged herein.

24

### SIXTH AFFIRMATIVE DEFENSE

25

#### (Acts of Third Parties)

26    Plaintiff's claims are barred, in whole or in part, because Plaintiff's claimed injuries

27  and damages were not legally or proximately caused by any acts or omissions of the Plan, and were

28

1

1  caused, if at all, by the conduct of third parties including, without limitation, the prior, intervening,

2  or superseding conduct of such third parties.

3  ### SEVENTH AFFIRMATIVE DEFENSE

4  **(Equitable Defenses)**

5  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver,

6  estoppel and unclean hands.

7  ### EIGHTH AFFIRMATIVE DEFENSE

8  **(Compulsory Joinder)**

9  Plaintiff's claims are barred, in whole or in part, for failing to join parties

10  indispensable to this action and thus mitigate the risk of double recovery, among other prejudices to

11  the Plan.

12  ### NINTH AFFIRMATIVE DEFENSE

13  **(Additional Defenses)**

14  The Plan hereby gives notice that it intends to rely upon any additional affirmative

15  defenses that become available or apparent during discovery and thus reserves the right to amend its

16  answer to assert such additional defenses.

17  ### TENTH AFFIRMATIVE DEFENSE

18  **(Incorporation of Defenses)**

19  The Plan hereby adopts by reference any applicable defense pleaded by any other

20  defendant not otherwise expressly set forth herein.

21  ### PRAYER FOR RELIEF

22  WHEREFORE, the Plan prays for entry of judgment in its favor and against Plaintiff

23  as follows:

24  (1)  dismissal with prejudice of all claims contained in Plaintiff's Complaint;

25  (2)  that Plaintiff take nothing by reason of the Complaint;

26  (3)  that a judgment for costs, including attorneys' fees, be entered in favor of the

27  Plan; and

28

2

:F1 1418809w.1

1        (4)    such other and further relief as the Court deems proper and just.

2

3   Dated: June 12, 2008                    SIDLEY AUSTIN LLP

4

5

6   By: _____

7                    Attorneys For Defendant Citigroup 401(k)
                     Plan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    3
                                 ANSWER

:F1 1418810v.1

## PROOF OF SERVICE

I declare I am over the age of 18 years, and not a party to this action. My place of employment and business address is Sidley Austin LLP, 555 California Street, Suite 5000, San Francisco, California 94104.

On June 12, 2008, I served copies of the following document(s) entitled:

- **ANSWER**

on the following individuals and entities, as addressed below, by the means indicated below:

☒    (BY HAND DELIVERY) I caused the above document(s) to be delivered by hand by a courier service to the addressee(s) shown below.

> William H. Bachrach
> Sivan Butler-Rotholz
> A Professional Corporation
> 1939 Harrison Street, Suite 612
> Oakland, CA 94612
> Telephone: (510) 465-1906
> Facsimile: (510) 465-1932

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 12, 2008.



Gabriela Rodríguez

JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
ANJELA RUSH-JACKSON

**DEFENDANTS**
CITIGROUP (401) (K), AND DOES 1-10

**(b)** County of Residence of First Listed Plaintiff ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM H. BACHRACH & SIVAN BUTLER-ROTHOLZ
A PROFESSIONAL CORPORATION
1939 Harrison Street, Oakland, CA 94612
Tel: 510-465-1906     Fax: 510-465-1932

Attorneys (If Known)
RYAN M. SANDROCK (SBN 251871), MARK B. BLOCKER
SIDLEY AUSTIN LLP
555 California Street, San Francisco, CA 94104
Tel: 415-772-1200     Fax: 415-772-7400

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE 6/12/08

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com